EDWARD RATAJCZAK, RESPONDENT, v. BOARD OF EDUCATION OF THE CITY OF PERTH AMBOY, APPELLANT.

Submitted May 4, 1937—Decided June 23, 1937.

For the appellant, *Joseph B. Schwartz.*

For the respondent, *John C. Stockel.*

The opinion of the court was delivered by

PARKER, J. The case involves the construction and applicability of chapter 149 of the laws of 1919 (*Pamph. L., p.* 323; *Cum. Supp. Comp. Stat.* 1924, *p.* 2137) amending chapter 139 of *Pamph. L.* 1918, *p.* 322. The first section reads as follows:

"Whenever any municipal officer or employe has been or shall be illegally dismissed from such office or employment and the said dismissal has been or shall be set aside as illegal by a court of competent jurisdiction, such officer or employe shall be entitled to recover the salary of such office or employment for the period covered by such illegal dismissal."

The act was held constitutional in *State, Jardot* v. *Rahway,* 3 *N. J. Mis. R.* 201, and no question is now raised on that score.

The plaintiff, who had been employed as a school janitor by the defendant, was dismissed, and another was appointed in his place. He appealed to the commissioner of education,

who held the dismissal unlawful and ordered reinstatement. Review of this decision by the state board of education, by this court on *certiorari* (114 *N. J. L.* 577) and by the Court of Errors and Appeals (116 *Id.* 162) resulted in affirmances all along the line. After demand of *ad interim* salary and refusal, the present action was brought in the Common Pleas. The answer admitted all the allegations of fact in the complaint, and set up three special defenses: first, that another had performed the service during the period of exclusion, and had been paid for so doing; second, the same allegation, adding that a payment to plaintiff would involve paying twice for one service; third, the same in another form, that a *de jure* employe is not entitled to be paid for service that has been performed by a *de facto* employe. Such, of course, is the general rule at the common law. *McDonald* v. *Newark,* 58 *N. J. L.* 12. The decision of the present case in the Pleas rests upon the statute of 1919, which that court construed, and correctly so in our judgment, as intended by the legislature to change the rule of the common law, and in broad and general terms to confer on an excluded officer or employe adjudged to have been so excluded illegally, the right to his salary, whether he worked for it or not, whether he earned money outside or not, and whether the work he would have done if not so excluded, was or was not done by some *de facto* substitute.

The case is submitted on briefs, and the argument for appellant, as we understand it, is that the act being in derogation of the common law should be strictly construed, and that applying this rule, the act means no more than to reaffirm the rule of the common law. To quote from the brief: "Since no specific mention or provision is made in the statute, to the effect that where payment of the salary of a position has been made, once to a *de facto* incumbent, that even in that event it can be collected again by the employe *de jure* entitled to the position, thereby specifically changing the rule of *McDonald* v. *Newark, supra,* then under the strict rules of statutory construction, which should apply with regard to such statutes in derogation of the common law, we respect-

fully contend that this court should not read this rule into the statute."

If this view were to prevail, it would result in a finding that the legislature meant nothing except to enact a useless statute, applicable only to cases where no substitute had been employed and paid, and where in addition the displaced official or employe had, secured an adjudication that the displacement was unlawful. See *Keegle* v. *Hudson County,* 99 *N. J. L.* 26, also reported in 1 *N. J. Mis. R.* 583, and affirmed in 102 *N. J. L.* 219. Such a futility should not lightly be imputed to the legislature. We prefer to rest on the canon of "the old law, the mischief, and the remedy;" and as the language of the act is general, without exception or proviso except the commendable and proper restriction to cases where the dismissal has been duly adjudged illegal, we concur in the view of the Pleas that it covers all cases in that class, and was intended to remedy what the legislature deemed a harsh rule depriving the party of pay which he could and would have earned except for the unlawful acts of those who barred him from so doing. The title of the act, reproduced in the headnote above, confirms this view.

The judgment under review will be affirmed.