70 N.J. Super. 143 (1961)
175 A.2d 278
JAMES P. McGRATH, PLAINTIFF,
v.
CITY OF JERSEY CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 3, 1961.
*144 Mr. Philip J. Mylod for the plaintiff (Messrs. Mylod and Mylod, attorneys).
Mr. Joseph A. Mintz for the defendant (Mr. Ezra L. Nolan, attorney).
PINDAR, J.S.C.
The complaint in this case seeks to recover back salary for a period from April 3, 1959 to June 23, 1961, inclusive, calculated at $15,544, plus lawful interest thereon to date.
*145 Previously plaintiff was employed as a plumber by the defendant city, and such municipal position had the benefit of Civil Service protection. On April 3, 1959 plaintiff was discharged for reasons of "economy and without prejudice." Thereafter, through administrative proceedings and an Appellate Division appeal, plaintiff was ordered reinstated to his position, but this was not accomplished until the aforesaid date of June 23, 1961. He has since continued in his employment and therefore no issue is raised as to his salary after that date.
By answer filed, defendant admits the controlling factual circumstances concerning the discharge and restoration, but by way of separate defenses avers the right of defendant to receive credit, in the manner of mitigation, of the amount claimed for earnings received by plaintiff since April 3, 1959, or for any income he could have realized within the period for which back salary is claimed.
Now, plaintiff, on notice of motion, seeks the entry of a summary judgment under R.R. 4:58-3; and defendant moves for more specific answers to certain interrogatories under R.R. 4:23-5. Although not formally sought, counsel for plaintiff and defendant argued a converse motion to strike certain of the interrogatories, as provided in R.R. 4:23-8. In the light of the conclusions to be stated hereafter, I have first considered defendant's motion.
The questioned interrogatories are designated 4 to 19 inclusive. Except for numbers 10 and 19, which will be stricken as irrelevant, the other interrogatories are directed to a comparable question, to wit: defendant's right to be informed, for the desirable use of mitigation in this action, as to what were plaintiff's earnings, or what his income was, either actual or probable, for the stated period of 26 months and 20 days (April 3, 1959 to June 23, 1961).
It will be noticed that if the aforementioned effort to procure a record of plaintiff's monetary gains is upheld, the asserted right to have summary judgment cannot be granted and the issue, under a probable dispute of material fact, will *146 be continued for a plenary trial. On the other hand, in the event it is held that no lawful right to mitigate exists, a final summary judgment will be entered.
Plaintiff's claim is qualified by the provision of N.J.S.A. 40:46-34, to which he has conformed. This statute is quoted in full:
"Whenever a municipal officer or employee, including any policeman or fireman, has been or shall be illegally dismissed or suspended from his office or employment, and such dismissal or suspension has been or shall be judicially declared illegal, he shall be entitled to recover the salary of his office or employment for the period covered by the illegal dismissal or suspension; provided, that a written application therefor shall be filed with the clerk of the municipality within thirty days after such judicial determination, unless such determination was made prior to the effective date of this act, in which case such application shall be filed within six months after the effective date of this act."
Plaintiff, with reliance thereon, cites the case of D'Elia v. Jersey City, 57 N.J. Super. 466 (App. Div. 1959). In that case the court, in an opinion by Judge Foley, produced an illuminating review of the precedent rulings which have dealt with the Legislature's expressed policy, and at page 469 of 57 N.J. Super. quoted from the opinion of our Supreme Court in DeMarco v. Board of Chosen Freeholders of Bergen County, 21 N.J. 136, 143-144 (1956), as follows:
"While such legislation would tend to satisfy the individual interests involved it would admittedly do so by placing upon the public the burden of expenditures for salaries without corresponding services. If other officers are appointed during the period of suspension duality of payments may result and if the suspended officers engage in private work during their suspensions they may be enabled to receive double compensation. The conflicting policy considerations are socially important and far reaching and the proper course to be carefully chosen and ultimately followed will rest with the Legislature rather than with the courts."
On the other hand, defendant, while conceding the aforementioned status of that judicial holding, presumes to seek sub judice a ruling which would in effect overrule, if not *147 reverse, the aforementioned appellate holding and in this assumed manner adopt a means to minimize plaintiff's recovery afforded by the statute. But should this proposed reduction be credited in the light of unequivocal prevailing statutory relief? I think not.
Clear significance must be given to the utter fact that plaintiff herein, as a municipal employee, comes directly within the legislative grant. The court here is not called upon, in any way, to establish a different policy merely because there has been no similar legislative expression in the case of county or state employees. See DeMarco v. Board of Chosen Freeholders of Bergen County, supra, 21 N.J. 136 (1956); also Lowenstein v. Newark Board of Education, 35 N.J. 94 (1961).
Notwithstanding the foregoing, counsel for defendant stresses that the court should apply cautious consideration to the recent opinion in Lowenstein v. Newark Board of Education, supra, as support for a probable different result on the issue of mitigation. However, such a view is not substantiated. In Lowenstein the court was dealing with a matter under our education statute and indicated its recognition of a distinguishable aspect where the cause was under the statute there being considered. Thus, the Supreme Court at page 124 of 35 N.J. said:
"Without intending either to indicate issues which should be raised or to circumscribe counsel in their contentions, we might call attention to the discussion of the various aspects of the problem of back pay in our recent opinion in Miele v. McGuire, 31 N.J. 339, 347-352 (1960), particularly with reference to the question of reduction of the amount thereof by sums which were actually earned or could have been earned during the period (possibly less appellant's costs and attorney's fees of the litigation) in the light of the actual language of and legislative intent evidenced by N.J.S.A. 18:5-49.1 and 18:3-28 (if substantively applicable since enacted after this controversy arose.) Compare R.S. 40:46-34, as amended."
At any rate, the stated probable supplementary review, as suggested at pages 123, 124 of 35 N.J. will not arise as I have been advised a full settlement has been accomplished.
*148 Neither the Lowenstein case, supra, nor the Miele case, cited therein, is subject to the strong language of the statute before this court that "he [(plaintiff)] shall be entitled to recover the salary of his office or employment." (Emphasis added)
In addition, the Supreme Court in Miele v. McGuire, 31 N.J. 339 (1960) at page 351 stated:
"* * * in the DeMarco case we made the suggestion, which we now renew, that comparable legislation be considered for our State. See 21 N.J., at page 147. On April 9, 1956 Senator Shershin introduced a bill (S206) which was designed to provide for the allowance of back pay to all public employees including the holders of state, county and municipal offices and positions. Although the bill passed the Senate and Assembly, it was vetoed on September 17, 1956 by Governor Meyner who pointed out that, inter alia, it failed to provide for mitigation where there had been fair opportunity to engage in gainful private employment. On February 10, 1958 and again on February 16, 1959 Assemblyman Krause introduced bills (A174-1958; A479-1959) which sought to bring state and county officers and employees within the scope of N.J.S.A. 40:46-34 which is now confined to back pay allowances to municipal officers and employees who have been illegally dismissed or suspended. These bills contained no express provision for mitigation and never became law. Cf. A292-1958. In D'Elia v. Jersey City, supra, the Appellate Division recently held that back pay claims under N.J.S.A. 40:46-34 by municipal officers and employees are not subject to mitigation but the issue has never been presented to this court and we express no opinion thereon."
Obviously, a trial court will not treat appellate adjudications lightly. Rather, a clear and certain duty prevails for the adoption of the law expressed by an appeal court. State v. Pennsylvania Railroad Co., 9 N.J. 194, 200-201 (1952); 21 C.J.S. Courts § 187. In the absence of a contrary legislative enactment or Supreme Court ruling, this court is bound under N.J.S.A. 40:46-34 to the principles of law as adjudicated in D'Elia v. Jersey City, supra.
Therefore, it is determined as a matter of law that the back pay claims by plaintiff are not subject to mitigation. For this reason the questioned interrogatories are deemed irrelevant to the subject matter involved in this action and *149 beyond the scope of examination for the purpose of discovery, R.R. 4:16-2, and accordingly plaintiff's motion for summary judgment is granted. In the discretion of the court, interest is allowed to date on the stipulated amount of back pay, $15,544, at the legal rate from the date of plaintiff's reinstatement, June 23, 1961.
Counsel should present a conformable order.