JAMES P. McGRATH, PLAINTIFF-RESPONDENT, v. CITY OF JERSEY CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued May 22, 1962—Decided June 29, 1962.

*Mr. Meyer Pesin,* Corporation Counsel of the City of Jersey City, argued the cause for the appellant (*Mr. Joseph G. Mintz,* Assistant Corporation Counsel, of counsel).

*Mr. Philip J. Mylod* argued the cause for the respondent (*Messrs. Mylod & Mylod,* attorneys; *Mr. James P. Mylod,* of counsel).

32

The opinion of the court was delivered

PER CURIAM. We affirm for the reasons expressed by the Law Division in *McGrath v. Jersey City,* 70 *N. J. Super.* 143 (1961), which in turn followed *D'Elia v. Jersey City,* 57 *N. J. Super.* 466 *(App. Div.* 1959).

In *D'Elia* the Appellate Division held that under *N. J. S. A.* 40:46–34, a municipal employee who had been illegally suspended and then reinstated was entitled to his back pay without mitigation. In reaching its conclusion the court properly stressed the unequivocal language of the statute and its forceful history. It is worthy of note that, in furtherance of the public interest, Congress and many state legislatures have made suitable provision for mitigation and this court has repeatedly suggested that legislation dealing comprehensively with the subject should be considered by the New Jersey Legislature. See *Graham v. Asbury Park,* 37 *N. J.* 166, 167 (1962); *Lowenstein v. Newark Bd. of Education,* 35 *N. J.* 94, 124 (1961); *Miele v. McGuire,* 31 *N. J.* 339, 351 (1960); *De Marco v. Bd. of Chosen Freeholders of Bergen County,* 21 *N. J.* 136, 147 (1956); cf. 5 *U. S. C.* § 652(*b*) (1948); *Cal. Gov't Code* § 19584; *N. Y. Civ. Serv. Law* §§ 77, 75(3); *O'Brien v. United States,* 151 *F. Supp.* 282, 138 *Ct. Cl.* 296 *(Ct. Cl.* 1957); *Mullane v. McKenzie,* 269 *N. Y.* 369, 199 *N. E.* 624, 103 *A. L. R.* 758 *(Ct. App.* 1936), reargument denied 270 *N. Y.* 563, 200 *N. E.* 319 *(Ct. App.* 1936); see also *Iowa Code Ann.* § 365.27 *(Supp.* 1961); 2 *N. M. Stat. Ann.* § 5–4–40 *(Supp.* 1961); *Pa. Stat. Ann. tit.* 53, § 12638 (1957); *Wash. Rev. Code Ann.* §§ 41.08.090, 41.12.090 (1961). No such legislation has been adopted and the judicial function in the instant matter is but to apply the pertinent terms of *N. J. S. A.* 40:46–34. We are satisfied that the Law Division applied the statute properly and that its allowance of interest from the date of reinstatement did not exceed its discretionary power. See *Agnew Co. v. Paterson Bd. of Education,* 83 *N. J. Eq.* 49, 67 *(Ch.* 1914), aff'd 83 *N. J. Eq.* 336, 339 *(E. & A.* 1914);

*Deerhurst Estates v. Meadow Homes, Inc.,* 64 *N. J. Super.*
134, 155 (*App. Div.* 1960), certif. denied 34 *N. J.* 66
(1961); cf. *Consolidated Police, &c., Pension Fund Commn.*
*v. Passaic,* 23 *N. J.* 645, 652 (1957); *Hankin v. Hamilton*
*Twp. Bd. of Education,* 47 *N. J. Super.* 70, 84 (*App. Div.*
1957), certif. denied 25 *N. J.* 489 (1957).

*For affirmance*—Chief Justice WEINTRAUB, and Justices
JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-
MAN—7.

*For reversal*—None.