79 N.J. Super. 279 (1963)
191 A.2d 313
DONALD J. MORRISSEY, PLAINTIFF,
v.
ARTHUR J. HOLLAND, INDIVIDUALLY AND AS MAYOR OF THE CITY OF TRENTON, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided May 27, 1963.
*280 Mr. Bertram Lefkowitz for plaintiff.
Mr. Robert R. Ross, City Attorney (Mr. Harvey L. Stern, Assistant City Attorney, appearing), for defendant.
BARLOW, J.C.C. (temporarily assigned).
Plaintiff institutes this action to recover back salary which he contends is due and owing but was not paid to him during the period he was illegally discharged from his position as a municipal employee of the City of Trenton.
Prior to July 1, 1962, plaintiff was a duly appointed tax assessor for the City of Trenton, his term of office to expire on *281 July 1, 1965. Since July 1, 1962, the City of Trenton has operated under a new form of government provided for by the provisions of the Faulkner Act, previously adopted by its citizens.
On July 1, 1962 defendant, acting within the authority which he considered to be conferred upon him by the provisions of the newly-adopted Faulkner Act, terminated the employment of plaintiff. Thereafter, on January 1, 1963, plaintiff was reinstated and restored to his former position.
During the fall of 1962, following his discharge but prior to his reinstatement, plaintiff appeared on one or more occasions before the Mercer County Board of Taxation as an expert witness on behalf of three property owners who were appealing assessments levied by the City of Trenton for the tax year 1962. His testimony was, of course, necessarily adverse to the position taken by the city through its tax assessor's office.
Following his reinstatement plaintiff instituted this action, seeking a determination adjudging the termination of his employment to be illegal, and demanding payment of the salary due and owing to him but unpaid during the period between his discharge and his reinstatement. He now moves for a summary judgment.
Defendant does not resist the contention that plaintiff's discharge was illegal, that, while defendant considered that he was acting properly within the limits of the authority thought to be conferred upon him by the newly-adopted Faulkner Act, such an interpretation, he concedes, was erroneous in light of the decision in Beirne v. Gangemi, 74 N.J. Super. 557 (App. Div. 1962), which decision was published following plaintiff's discharge. Indeed, as a result of the decision aforesaid, plaintiff was reinstated by the defendant and resumed his employment on January 1, 1963.
Accordingly, the only issue here then remaining to be resolved is whether or not plaintiff is entitled to recover the salary he lost during the period of his discharge.
N.J.S.A. 40:46-34 provides in part as follows:
*282 "Whenever a municipal officer or employee, including any policeman or fireman, has been or shall be illegally dismissed or suspended from his office or employment, and such dismissal or suspension has been or shall be judicially declared illegal, he shall be entitled to recover the salary of his office or employment for the period covered by the illegal dismissal or suspension; * * *"
That an illegally dismissed municipal employee may recover back salary, even though he was gainfully employed during the time of his dismissal, is made quite clear by the language of D'Elia v. Jersey City, 57 N.J. Super. 466 (App. Div. 1959). In that case the Appellate Division affirmed a judgment of the lower court, which held that:
"[T]he plaintiff was entitled to recover his full back salary from the date of discharge to the date of reinstatement * * * rejecting the contention of the city that the back pay owing to the plaintiff should be reduced by the amount of his earnings as a process server."
The appellate court, referring to the statutory provisions aforesaid, stated:
"The purpose of the statute, of course, was to eliminate from the law the harsh, commonlaw rule that the right of a public officer to receive or recover wages is dependent entirely upon the performance of service." (57 N.J. Super., at p. 468)
citing, with approval, DeMarco v. Board of Chosen Freeholders of Bergen, 21 N.J. 136 (1956).
In Ratajczak v. Board of Education of City of Perth Amboy, 118 N.J.L. 311 (Sup. Ct. 1937), affirmed 119 N.J.L. 433 (E. & A. 1938), the court was confronted with precisely the same situation with which we are here concerned, under an earlier version of the afore-mentioned statute. In that case the Supreme Court agreed with the lower court in its determination that
"* * * the statute * * * [was] intended by the Legislature to change the rule of the common law, and in broad and general terms to confer on an excluded officer or employee adjudged to have been so excluded illegally the right to his salary, whether he worked *283 for it or not, whether he earned money outside or not, and whether the work he would have done if not so excluded, was or was not done by some de facto substitute." (Emphasis supplied)
See, also, the more recent case of McGrath v. Jersey City, 70 N.J. Super. 143 (Law Div. 1961).
Defendant insists, however, despite the clear import of the statutory language aforesaid and the decisional law interpretative thereof, that the provisions of the statute are not available to plaintiff, nor are the decisions thereunder dispositive of this cause, by virtue of the fact that plaintiff's position here differs dramatically from the cases referred to in that plaintiff here did not merely earn money during the period of his discharge, but he earned such money, in a sense, at the expense of the city by appearing before the Mercer County Board of Taxation Appeals. That such appearances were adverse to the City of Trenton and were, therefore, inconsistent with plaintiff's demand for back salary and, presumably, although it is not urged, inconsistent with his application for reinstatement.
To sustain such contention, defendant relies entirely upon the language contained in the very recent opinion in Campbell v. Dept. of Civil Service, 39 N.J. 556 (1963). In that case a suspended deputy director of the Division of Workmen's Compensation appeared before the Division on behalf of certain petitioners during the period of his suspension and while awaiting a departmental removal hearing of which he had notice. The decision in the Campbell case was, of course, not concerned with the reinstatement of an illegally removed municipal employee or the validity of his demand for back salary; it dealt only with the review of the propriety of a determination of the Civil Service Commission sustaining the dismissal of a deputy director of workman's compensation. With respect to the suspended deputy director's appearances before the Commission during his suspension, the Supreme Court did, indeed, indicate that it took a serious view of this matter; however, the Campbell decision, within the area in which it is here sought to be applied, is authority only for the *284 proposition that activities considered to be improper on the part of a suspended employee which occur subsequent to his suspension but prior to his removal hearing may properly be considered and form a basis for his dismissal, even though such activities were not a part of the original charges which caused his suspension.
Moreover, plaintiff in the case sub judice was not in a position analogous to that of the suspended deputy director in the Campbell case. Plaintiff was not merely "suspended" awaiting a removal hearing which, as the Supreme Court suggested in the Campbell decision, could have resulted either in removal, lesser discipline, or complete vindication, but was, on the contrary, completely and finally discharged, his employment at an end and his legal relationship with the city severed. He was, indeed, in legal contemplation, a stranger to the City of Trenton, and it is of no moment that he was actively disputing the legality of his discharge at that time. Being unaware at the time of the appearances complained of, of his ultimate reinstatement, he can hardly be penalized for attempting to earn a living in the field in which he was most experienced and considered himself to be best qualified. The court perceives no reason why his appearances before the Mercer County Board of Taxation as an expert witness should compromise his claim for back salary under the circumstances outlined above. Accordingly, plaintiff's motion for summary judgment is granted and an order will be entered declaring plaintiff to have been illegally dismissed from his employment and directing the City of Trenton to pay him the full salary due and owing for the entire period of his dismissal, with interest and costs.