81 N.J. Super. 151 (1963)
195 A.2d 195
JOHN J. MULLEN, APPELLANT,
v.
THE BOARD OF EDUCATION OF THE TOWNSHIP OF JEFFERSON, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 4, 1963.
Decided November 9, 1963.
*152 Before Judges GOLDMANN, KILKENNY and COLLESTER.
*153 Mr. John A. Wyckoff argued the cause for appellant (Messrs. James & Wyckoff, attorneys; Mr. Wyckoff, on the brief).
Mr. Joseph R. Valentino argued the cause for respondent (Mr. Joseph J. Maraziti, attorney; Mr. Valentino, on the brief).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
The question for determination here is whether a person holding a position with a local board of education is entitled to full payment of salary for the entire period of his illegal dismissal, without mitigation, under N.J.S.A. 18:5-49.1. The matter is one of first impression.
Upon recommendation of the State Commissioner of Education, the State Board of Education on May 4, 1956 approved a superintendency for the school district of Jefferson Township, Morris County, the district having met all the requirements of the rule governing such approvals. Respondent board of education appointed appellant superintendent of schools of Jefferson Township on April 9, 1957, and a two-year contract was entered into providing for his employment from July 1, 1957 to June 30, 1959. Before the expiration of this agreement, respondent, by resolution adopted January 14, 1958, voted to cancel it and to issue a new contract under which appellant was to be employed from January 15, 1958 to January 15, 1961, at a salary increase from $8,500 to $10,000. The reason given for this action by its proponents was to insure continuity of administration during the ensuing period when school plan expansion would be a matter of major concern. The contract called for by the resolution was duly executed and appellant continued to carry on his duties as township superintendent of schools.
A change in the membership of respondent board ensued, with the result that at a special meeting held June 30, 1960 the board adopted a resolution cancelling the January 15, 1958 contract. When appellant informed the board that he *154 was available for work and intended to continue in his employment, it passed a motion ordering him to vacate his office, and on July 1, 1960 actually changed the locks on the administration office. On July 6, 1960 appellant received a registered letter from the secretary of the board advising him of the foregoing action. Appellant was paid his salary to and through June 30, 1960. He promptly appealed to the State Commissioner of Education, under R.S. 18:3-14, to hear and determine the legality of respondent's action, praying that its cancellation of his contract be declared void and of no effect and that it be directed to reinstate him as superintendent of schools with full payment of salary from July 1, 1960.
The State Commissioner of Education held a full hearing on October 20 following. At this hearing appellant failed to disclose that he had been employed since September 15, 1960 by the board of education of School District No. 9, Elmsford, New York, as district principal at a salary of $14,000 on a 12-month basis. Respondent learned of this employment after the hearing and immediately moved to dismiss the appeal on the ground that the issue had become moot. The motion was argued February 3, 1961, at which time evidence was received disclosing appellant's Elmsford employment.
The Commissioner handed down his decision on April 28, 1961. He denied the motion to dismiss, holding that even if it were assumed that appellant abandoned his claim as of September 15, 1960, when he began his employment in Elmsford, there still remained a justiciable issue as to the period from July 1 to September 15. He thereupon decided that (1) appellant had acquired tenure under the provisions of N.J.S.A. 18:13-16, having continued in employment for three consecutive calendar years; (2) he was entitled to be reinstated in his position and paid his salary from the date of dismissal, but in order to assert this right he must be ready and able to resume his duties; (3) appellant's failure to resume his duties immediately upon notice of the Commissioner's determination would constitute an abandonment of his position as of the date of assuming employment in New *155 York, September 15, 1960; (4) in such event, respondent would be relieved of any duty to reinstate appellant as superintendent of schools; and (5) respondent would be required to pay appellant only the salary he would have earned had he continued in its employment from July 1 to September 14, 1960.
Appellant failed to resume his duties as ordered by the Commissioner. Instead, he took an appeal to the State Board of Education from that part of the Commissioner's determination which limited his right to back pay for the period from July 1 to September 14, 1960. His claim before the State Board was that he was entitled to back pay from July 1, 1960 to the date of the Commissioner's determination, April 28, 1961, even though during that period he was employed in Elmsford, N.Y. In the brief filed with the State Board, appellant stated that he "does not intend to resume his position as superintendent of schools of Jefferson Township."
The arguments made by appellant before the State Board of Education are essentially those projected in this court. The State Board concluded that the right to recover "compensation" under N.J.S.A. 18:5-49.1 is subject to mitigation to the extent of money earned during the same period from other sources.
N.J.S.A. 18:5-49.1, enacted in 1948 (L. 1948, c. 241), provides:
"Whenever any person holding office, position or employment with a local board of education or with the State Board of Education shall be illegally dismissed or suspended from his office, position or employment, and such dismissal or suspension shall upon appeal be decided to have been without good cause, the said person shall be entitled to compensation for the period covered by the illegal dismissal or suspension; provided, that a written application therefor shall be filed with the local board of education or with the State Board of Education, as the case may be, within thirty days after such judicial determination." (Italics ours)
The narrow issue before us is whether the "compensation" referred to in the statute means full salary during the period of *156 illegal dismissal before the right to reinstatement accrued to appellant, or such salary reduced by the wages he received in his Elmsford position during that period. In support of his claim that "compensation" should be interpreted to mean full salary without mitigation, appellant urges consideration of other statutes prior and subsequent to the 1948 enactment of N.J.S.A. 18:5-49.1, deemed by him to be in pari materia.
Appellant first refers us to N.J.S.A. 40:46-34, originally enacted by L. 1918, c. 139 and thereafter amended in certain aspects not deemed significant. That statute reads:
"Whenever a municipal officer or employee, including any policeman or fireman, has been or shall be illegally dismissed or suspended from his office or employment, and such dismissal or suspension has been or shall be judicially declared illegal, he shall be entitled to recover the salary of his office or employment for the period covered by the illegal dismissal or suspension; * * *." (Italics ours)
We pass, for the moment, the fact that this statute is not one relating to education. Title 18, "Education," of the Revised Statutes is where one would naturally look for statutory enactments relating to the organization and administration of our school system on the state or local levels, school officers and employees as well as their rights and duties, and like matters.
Appellant points out that under N.J.S.A. 40:46-34 it has consistently been held  in amelioration of the common law rule  that an illegally dismissed municipal employee is entitled to his full salary during the period of dismissal, "whether he worked for it or not, whether he earned money outside or not, and whether the work he would have done if not so excluded, was or was not done by some de facto substitute." Ratajczak v. Board of Education of City of Perth Amboy, 118 N.J.L. 311, 312 (Sup. Ct. 1937), affirmed 119 N.J.L. 433 (E. & A. 1938) (school janitor); D'Elia v. Jersey City, 57 N.J. Super. 466 (App. Div. 1959) (welfare investigator); McGrath v. Jersey City, 70 N.J. Super. 143 (Law Div. 1961), affirmed 38 N.J. 31 (1962) (plumber).
*157 Appellant further refers us to section 6 of the Tenure Employees Hearing Act, L. 1960, c. 136 (N.J.S.A. 18:3-23 to 30). That act provides for the determination by the State Commissioner of Education of charges preferred by a local board of education against a tenure employee. Section 6 (N.J.S.A. 18:3-28) declares that if the charges are dismissed, the employee "shall be reinstated immediately with full pay" as of the time of his suspension. (Italics ours) This section was considered in Lowenstein v. Newark Board of Education, 35 N.J. 94 (1961), where the court held invalid the dismissal of a teacher by the local board of education, but did not determine the question of back pay. Justice Hall, who wrote the majority opinion, emphasized (at page 123) that N.J.S.A. 18:5-49.1 spoke of "compensation," as distinguished from "full pay" mentioned in N.J.S.A. 18:3-28. He then said:
"* * * [W]e might call attention to the discussion of the various aspects of the problem of back pay in our recent opinion in Miele v. McGuire, 31 N.J. 339, 347-352 (1960), particularly with reference to the question of reduction of the amount thereof by sums which were actually earned during the period (possibly less appellant's costs and attorney's fees of the litigation) in the light of the actual language of and legislative intent evidenced by N.J.S.A. 18:5-49.1 and 18:3-28 (if substantively applicable since enacted after this controversy arose). Compare R.S. 40:46-34, as amended."
In Miele the Law Division reinstated a river inspector employed by the Passaic Valley Sewerage Commissioners, but refused him back pay. 53 N.J. Super. 506 (1959). On appeal the Supreme Court held (31 N.J. 339) that he was the holder of a position of employment, rather than an office, and that on common law principles he was entitled to back pay and interest for the period between his wrongful dismissal and reinstatement, mitigated by the amount he actually earned or could have earned during such period, but including the benefit of normal increments he would have received during the period of his wrongful discharge. N.J.S.A. 40:46-34 was held not applicable to persons employed by the *158 Passaic Valley Sewerage Commissioners. The court discussed De Marco v. Bergen County Board of Chosen Freeholders, 21 N.J. 136 (1956) (recovery of salary denied a county detective for the period he was under suspension and performed no services); Winne v. Bergen County, 21 N.J. 311 (1956) (recovery of salary denied a county prosecutor for the portion of his term during which the Attorney General, at the request of the county board of freeholders, had prosecuted the criminal business of the court); and Ross v. Hudson County Board of Chosen Freeholders, 90 N.J.L. 522 (E. & A. 1917) (county jail guard held entitled to back pay during period of his wrongful dismissal, with mitigation of damages). It then noted that elsewhere in the nation "courts have similarly recognized that a public employee's claim for back pay may justly be subjected to mitigation in the amount the employee actually earned or could have earned," and quoted with approval from State ex rel. Wilcox v. Woldman, 157 Ohio St. 264, 105 N.E.2d 44, 47 (Sup. Ct. 1952):
"But no matter whether public employment is treated as ex contractu or ex lege, most of the cases declare that a public employee, even though he holds his position under civil service, is subject to the rule that earnings either actual or which he had the opportunity to receive during the period of wrongful exclusion from public employment should be allowed as an offset against the amount of compensation claimed on account of such wrongful exclusion. [Citing cases]"
And see the later comment by the court in McGrath v. Jersey City, above, 38 N.J., at page 32, that "It is worthy of note that, in furtherance of the public interest, Congress and many state legislatures have made suitable provision for mitigation and this court has repeatedly suggested that legislation dealing comprehensively with the subject should be considered by the New Jersey Legislature. [Citations omitted]"
We do not interpret the language in the Lowenstein case, above, 35 N.J., at pages 123-4, as a direction by the court that N.J.S.A. 18:5-49.1 should be interpreted in the light of N.J.S.A. 18:3-28, as appellant urges. As we view the discussion in that part of Lowenstein, the court was calling *159 attention to its views in Miele regarding mitigation of salary due for illegal separation from service, in the light of the actual language and legislative intent evidenced by the statutes.
It also seems reasonably clear that cases like McGrath v. Jersey City and D'Elia v. Jersey City, decided under N.J.S.A. 40:46-34, are not dispositive of the issue before us. The difference in language between "compensation" in N.J.S.A. 18:5-49.1 and "salary" in N.J.S.A. 40:46-34 appears to provide a sufficiently distinguishing feature.
Courts must give effect to words used by the Legislature according to the clear and plain meaning they ordinarily import. Matthews v. Irvington Board of Education, 31 N.J. Super. 292, 296 (App. Div. 1954); R.S. 1:1-1. While the word "compensation" has certain chameleon-like characteristics, it is commonly understood as having the essential meaning of making whole. Webster's New International Dictionary (3d ed. unabridged, 1961); Black's Law Dictionary (4th ed. 1951). To "compensate" does not carry with it authority to award more damages than actually sustained. We would equate that word with the commonly understood words "compensatory damages."
One must presume that when the Legislature enacted N.J.S.A. 18:5-49.1 in 1948 it was aware of the provisions of N.J.S.A. 40:46-34, which specified that a municipal officer or employee was entitled to recover his salary for the period of his illegal dismissal, and that it knew of the construction which courts had given that statute, namely, that by using the word "salary" the Legislature intended that there should be no mitigation for sums earned or that could have been earned by the person dismissed. By adopting the word "compensation," rather than the word "salary" used in the older statute, the Legislature must be taken as having meant that all claims made by illegally dismissed persons under N.J.S.A. 18:5-49.1 be subject to the common law rule of mitigation of damages, in light of the plain meaning carried by the word "compensation."
*160 The facts of this case vividly illustrate the unreasonable result of construing N.J.S.A. 18:5-49.1 so as to preclude mitigation. Appellant's salary at the time he was illegally dismissed by the township board of education was $10,000 a year. What he is asking this court to do is to award him, in addition to the salary for the period from July 1 to September 14, 1960, that portion of his annual salary as superintendent of schools for the period September 15, 1960 to April 28, 1961  some 7 1/2 months, amounting to about $6,250. He asks this for work never performed for respondent board, and for a period of time when he was gainfully employed at $14,000 a year as district principal at Elmsford, N.Y.  all in the face of his admission before the State Board of Education that he did not intend to return to his position of superintendent of schools of Jefferson Township. To allow appellant "compensation" for the period when he was working at his new position at a higher salary would be to give him a windfall. Such an interpretation of N.J.S.A. 18:5-49.1 is unreasonable and would be inconsistent with the principle that the Legislature must always be presumed to favor the public interest as against any private one.
Accordingly, we hold that the conclusion reached by the Commissioner and, on appeal, by the State Board of Education, was correct.
Affirmed.