JOSEPH M. MASON AND ANGELO J. MOSTRANGELI, APPELLANTS, v. CIVIL SERVICE COMMISSION AND CITY OF TRENTON, RESPONDENTS.

Argued September 26, 1967—Decided February 5, 1968.

*Mr. John W. Devine* argued the cause for appellants (*Messrs. Pelletlieri and Rabstein,* attorneys).

*Mrs. Marilyn Loftus Schauer,* Deputy Attorney General, argued the cause for respondent Civil Service Commission (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

*Mr. John A. Brieger,* Assistant City Attorney, argued the cause for respondent City of Trenton (*Mr. Robert Ross,* City Attorney, attorney).

*Mr. Roger H. McGlynn* argued the cause for *amicus curiae,* New Jersey State PBA (*Messrs. McGlynn, Stein & Eberiel,* attorneys).

The opinion of the court was delivered by

GOLDMANN, J. (temporarily assigned). Appellants challenge a Civil Service Commission order restoring them to their positions of patrolmen in the City of Trenton (a municipality operating under the provisions of the Civil Service Act, *Title* 11 of the *Revised Statutes*), and awarding them back pay for the period of illegal dismissal, less all monies they had earned by other gainful employment during that period. The Commission also allowed each appellant a $200 counsel fee and $50 for miscellaneous costs incurred. The main question for determination is whether the Commission is empowered under *R. S.* 11:15–6 to apply the doctrine of mitigation to municipal employees in the classified civil service. We hold that it is, and to that extent affirm the order. However, the matter must be remanded to the Commission to determine the amount of earnings to be deducted from back pay and what consideration is to be given with respect to the matter of expenses necessarily and reasonably incurred by appellants in obtaining vindication.

Following a full departmental hearing, the Director of Public Safety of the City of Trenton found appellants guilty of certain charges of misconduct and dismissed them from their positions as patrolmen. The Civil Service Commission, after a *de novo* hearing on appeal in accordance with *N. J.*

*S. A.* 11:22–38 and 39, found appellants innocent of the charges and ordered that they be returned to duty immediately, but without back pay for the period of their dismissal. Appellants immediately filed an application for back salary and other benefits with the city clerk, pursuant to *N. J. S. A.* 40:46–34. Shortly thereafter they also filed a notice of appeal in the Appellate Division from that portion of the Commission's determination which disallowed back pay. *Mason v. Civil Service Comm'n, Docket* A–253–65. By consent of counsel, the entire matter was remanded to the Commission for a rehearing on the issue of back pay. The appeal then pending was later dismissed.

At the rehearing testimony was adduced that appellants had been employed during the period of their illegal dismissal. The Commission, relying on our decision in *Mastrobattista v. Essex County Park Comm'n,* 46 *N. J.* 138 (1965), which had come down soon after the entry of its earlier order, thereupon determined that appellants were entitled to their salary for the dismissal period, less the monies they had meantime earned through other gainful employment, and entered the order here in question. Appellants appealed to the Appellate Division, and while the matter was there pending we certified the appeal pursuant to *R. R.* 1:10–1A. The New Jersey State PBA was subsequently permitted to intervene as *amicus curiae.*

Appellants argue that under *N. J. S. A.* 40:46–34 they are entitled to their full salary and benefits for the period of the illegal dismissal. *R. S.* 11:15–6, they say, does not empower the Civil Service Commission to enter the order it did, for such determination vitiates *R. S.* 40:46–34. *Amicus curiae* takes the same position and, in addition, contends that the Commission's order amounts to a denial of equal protection of the laws guaranteed by the State and Federal Constitutions.

Under *N. J. S. A.* 11:22–38 and 39 a permanent classified municipal civil service employee who has been dismissed by the appointing authority has the right of appeal to the Civil

Service Commission within 20 days from receipt of his notice of dismissal. The Commission holds a *de novo* hearing and then, in accordance with *R. S.* 11:15–6, made applicable to municipal civil service employees by *N. J. S. A.* 11:2A–1, renders its determination. *R. S.* 11:15–6 provides:

"The commission shall, within fifteen days after the completion of the investigation, inquiry or hearing, and sooner if practicable, render a decision to be forthwith certified to the appointing authority who shall forthwith enforce the same.

The decision shall state whether the removal of the employee is approved, or whether he is to be restored to his position without loss of pay, transferred to another position in the same class, fined, demoted, suspended without pay or with reduced pay, for a period not exceeding six months, or to be reprimanded *or otherwise dealt with.*

The commission may, when in its judgment the facts warrant it, modify or amend the penalty imposed by the appointing authority or substitute another penalty for that imposed, except that removal from the service shall not be substituted for a lesser penalty." (Emphasis added)

In *Mastrobattista v. Essex County Park Comm'n,* above, we held that the Civil Service Commission has ample authority under *R. S.* 11:15–6 to invoke the doctrine of mitigation, the concluding phrase of the second paragraph of the statute, "or otherwise dealt with," evidencing "a clear legislative purpose that the Commission's powers shall extend beyond the prior specific enumerations" of that paragraph. 46 *N. J.,* at *pages* 147–148. This holding, appellants allege, was *dictum* as applied to the present case, for the decision dealt with county and not municipal employees; indeed, the issue here projected—the relationship between *R. S.* 11:15–6 and *N. J. S. A.* 40:46–34—was not before the court. In support, they refer us to what we said in discussing *McGrath v. Jersey City,* 38 *N. J.* 31 (1962), a *per curiam* sustaining a Law Division judgment granting back pay without mitigation to a member of the classified service. We noted that McGrath's claim rested on *N. J. S. A.* 40:46–34, which deals solely with municipal personnel and was not applicable to the county park personnel involved in *Mastro-*

*battista*. We then pointed out that at no time, however, was any issue raised or passed upon in *McGrath* as to the Civil Service Commission's power to invoke the doctrine of mitigation, or as to the effect which *R. S.* 11:15–6 might have on *N. J. S. A.* 40:46–34 when dealing with civil service personnel. We went on to observe that "It may well be that if [this matter] had been presented, the result would have been a remand to the Commission to provide for back pay less appropriate mitigation; * * *." Accordingly, since *McGrath* was admittedly inapplicable, "full consideration of its holding and the scope of *N. J. S. A.* 40:46–34 may be deferred until a suitable case is presented." (46 *N. J.*, at *page* 148).

To characterize what was said in *Mastrobattista* as mere *dictum* is to blunt the thrust of that decision insofar as it held that the Civil Service Commission has the power to apply the doctrine of mitigation under *R. S.* 11:15–6. Examination of the briefs filed in that case clearly establishes that the question was squarely before the court as a necessary issue to be determined. What must now be decided is whether *R. S.* 11:15–6 supersedes *N. J. S. A.* 40:46–34 with regard to municipal employees who are subject to the provisions of the Civil Service Act.

*N. J. S. A.* 40:46–34, part of *Title* 40, *Chapter* 46 (*N. J. S. A.* 40:46–1 to 53) governing municipal officers and employees generally, provides:

"Whenever a municipal officer or employee, including any policeman or fireman, has been or shall be illegally dismissed or suspended from his office or employment, and such dismissal or suspension has been or shall be judicially declared illegal, he shall be entitled to recover the salary of his office or employment for the period covered by the illegal dismissal or suspension; *provided*, that a written application therefor shall be filed with the clerk of the municipality within thirty days after such judicial determination, unless such determination was made prior to the effective date of this act, in which case such application shall be filed within six months after the effective date of this act."

In support of their argument that New Jersey courts have consistently followed this statute, appellants rely on *McGrath v. Jersey City,* above, affirming 70 *N. J. Super.* 143 (*Law Div.* 1961); *Graham v. Asbury Park,* 69 *N. J. Super.* 256 (*App. Div.* 1961); *D'Elia v. Jersey City,* 57 *N. J. Super.* 466 (*App. Div.* 1959); *Morrissey v. Holland,* 79 *N. J. Super.* 279 (*Law Div.* 1963), and the cases therein cited. None is applicable to the issue before us. Examination of the briefs in each of these cases, as well as the decisions themselves, reveals (as *Mastrobattista* pointed out with respect to *McGrath*) that the question as to the Commission's power to invoke the doctrine of mitigation was never raised or passed upon. Nor was the question of the effect which *R. S.* 11:15–6 may have on *N. J. S. A.* 40:46–34 when dealing with classified civil service personnel.

The parties and *amicus curiae* have devoted a large part of their argument to the legislative history of these two statutes. The history of the Civil Service Act, from its inception in *L.* 1908, *c.* 156, was traced at some length in *West New York v. Bock,* 38 *N. J.* 500, *pp.* 514–519 (1962). It is therefore unnecessary to repeat more than the substance of what was said there, supplemented by certain other pertinent material.

The act of 1908, applicable to state, municipal and county employees, was directed mainly to the matter of appointments. It placed no limit on local disciplinary action, except to prohibit removal or demotion for religious or political reasons. A disciplined employee could obtain review and relief only through and within the limitations of the now superseded writ of *certiorari*.

*L.* 1915, *c.* 120, authorized any citizen of the State to seek summary review before a Supreme Court justice of an appointing authority's action in removing an employee from office; however, the justice was apparently without power to modify the penalty on affirmance of guilt if there was no abuse of discretion. See *In re Petry,* 91 *N. J. L.* 51 (*Sup. Ct.* 1917).

Two years later the Legislature for the first time granted any state, county or municipal employee in the classified civil service the right to an administrative review *de novo* by the Civil Service Commission. *L*. 1917, *c*. 236. This amendment to the original 1908 act is the cornerstone of *N. J. S. A.* 11:22–38 and 39, dealing with appeals by county and municipal employees in the classified service, employees in the state service now being covered by *L*. 1930, *c*. 176. The 1917 act stayed the effect of local disciplinary action until approval by the Civil Service Commission. Approval was automatic unless the affected employee timely applied to the Commission for an "investigation" of the charges brought against him. In such case the Commission would conduct a hearing, followed by approval or disapproval of the local action. However, the Commission could not, in case of disapproval, modify the penalty; it had no power to award or, in its discretion, deny back pay. *Newark v. Civil Service Comm'n*, 115 *N. J. L.* 26, *pp*. 29–31 (*Sup. Ct.* 1935).

The next development in the statutory law was the passage of *L*. 1918, *c*. 139, which read:

"Whenever any municipal officer or employee shall have been illegally dismissed from such office or employment and the said dismissal shall have been set aside as illegal by a court of competent jurisdiction, such officer or employee shall be entitled to recover the salary of such office or employment for the period covered by such illegal dismissal."

Until the passage of this act, a civil service employee who had been restored to his job after an illegal dismissal could not recover his back salary. The Civil Service Commission was without authority to order such payment. The 1918 Legislature sought to correct the situation. The Statement appended to *Assembly Bill* 231 which became *chapter* 139 explained the matter:

"* * * This is a bill to protect the employees and officers of municipalities who may be illegally dismissed from their employment.

"It is now possible under the law to illegally dismiss a man, and when the dismissal is set aside as illegal, it may happen in many instances that the individual cannot recover the salary that is rightfully his because of the law and the decision of this State. In a word, the Civil Service Law does not give the protection that it ought to give. This Bill would remedy that evil and would protect the individual."

It is to be noted that the 1918 act covered *all* municipal personnel, whether in the classified civil service or otherwise. However, before a dismissed employee could demand payment of back salary, his dismissal had to be set aside as illegal "by a court of competent jurisdiction."

By *L*. 1919, *c* 149, the verbal phrase "shall have been" in the 1918 act was changed to "has been or shall be." The purpose, as expressed in the Statement annexed to *Assembly Bill* 330 which became *chapter* 149 was to meet a recent decision (unreported) of the then Supreme Court holding that the 1918 act dealt only with past dismissals, and not with those that might take place in the future. The Statement emphasized that a dismissed municipal officer or employee could not recover salary for the period of his dismissal unless and until the then Supreme Court determined in an appropriate action that he had been illegally dismissed.

In 1926 the Legislature, responding to the holding in *O'Neill v. Bayonne,* 99 *N. J. L.* 430 (*E. & A.* 1924), adopted *chapter* 153, which provided that where a policeman or fireman was dismissed by resolution of the municipal governing body, and such resolution "has been or shall be set aside by the Supreme Court," the dismissed employee was entitled to receive back salary for the period of his dismissal.

The 1918, 1919 and 1926 acts were consolidated in the 1937 *Revised Statutes* as *R. S.* 40:46–34, which read:

"Whenever a municipal officer or employee, including any policeman or fireman, has been or shall be illegally dismissed from his office or employment, and such dismissal has been or shall be judicially declared illegal, he shall be entitled to recover the salary of his office or employment for the period covered by the illegal dismissal."

This language, expanded in 1948 to include suspensions as well as dismissals, *L.* 1948, *c.* 163, now appears in the first part of *N. J. S. A.* 40:36–34.

It is clear from our exposition of the history of the Civil Service Act that the Civil Service Commission was still without power to modify the penalty imposed by the appointing authority or substitute another penalty in place thereof. The 1918, 1919 and 1926 acts, now found in *N. J. S. A.* 40:46–34, were a legislative attempt to correct what was deemed an inequitable situation, at least insofar as any municipal employee might be concerned. Important developments followed in 1930.

As pointed out in *West New York v. Bock,* above, 38 *N. J.,* at *page* 517, abuses in the administration of Civil Service brought demands for reform, resulting in the introduction of *Senate Bill* 61 in the 1930 Legislature. The proposed legislation was intended to supplant completely the 1908 statute and subsequent enactments. Objections by municipalities resulted in a substitute measure applicable only to the state service, and this was adopted as *L.* 1930, *c.* 176, now found in *R. S.* 11:3–1 through 11:18–2, as amended, governing the state service. The 1908 law, as amended and supplemented, now *R. S.* 11:19–1 through 11:26–1, continued to control the county and municipal services, except to the extent to which the two acts were later intermeshed by *L.* 1938, *c.* 76 and *L.* 1946, *c.* 184, now part of *N. J. S. A.* 11:2A–1.

*Section* 34 of the 1930 act is now reflected in *R. S.* 11:15–6. The Civil Service Commission was for the first time empowered to "modify or amend the penalty imposed by the appointing authority or substitute another penalty for that imposed except removal from the service shall not be substituted for some lesser penalty." And, again for the first time, the Commission was required to state in its decision

"whether the removal of such employee is approved or whether he has to be restored to his position without loss of pay, transferred to another position in the same class, fined, demoted, suspended without pay or with reduced pay for a period not exceeding six months or to be reprimanded or otherwise dealt with."

Thus, under *L.* 1930, *c.* 176, a classified civil service state employee had the right to appeal to the Commission and, after a hearing resulting in restoration to his job, could be awarded back pay if the Commission in the reasonable exercise of its discretion so determined. However, the Commission was still without power under the 1917 amendment to the 1908 act to modify penalties in the case of classified municipal and county employees.

The situation called for correction, and in 1938 the Legislature, by *L.* 1938, *c.* 76 (now incorporated in *N. J. S. A.* 11:2A–1) provided:

"No employee shall be suspended, fined or demoted for a period of greater than thirty days in the aggregate in any one year without the same right of appeal to the commission, which shall have the same power of revoking or modifying the action of such authority, as in the case of removal *as provided in sections* 11:15–2 *to* 11:15–6 of the Revised Statutes. No such employee shall be suspended, fined or demoted for a period greater than five days at one time without the same right of appeal, with the same authority in the commission as aforesaid." (Italics ours)

The purpose of this act appears in the Statement annexed to *Assembly Bill* 283 which became *chapter* 76—to make uniform the provisions relating to suspension, fine or demotion for all employees in the classified service in the state, counties, municipalities and school districts.

It is to be noted that the Civil Service Commission continued without authority to modify the penalty of discharge. This was corrected by *L.* 1946, *c.* 184, also part of *N. J. S. A.* 11:2A–1, by adding the words "or discharged" to *L.* 1938, *c.* 76. *N. J. S. A.* 11:2A–1 now reads:

"No employee of the State, or of any county, municipality or school district of the State shall be suspended, fined, or demoted more

than 3 times in any 1 year, nor for more than 5 days at any 1 time, nor for a period of greater than 15 days in the aggregate in any 1 year or discharged without the same right of appeal to the commission, which shall have the same power of revoking or modifying the action. of such authority, as in the case of removal *as provided in section* 11:15–2 *to* 11:15–6 of the Revised Statutes." (Italics ours)

R. S. 11:15–6 was thus made applicable in its entirety to municipal, county and school district classified civil service employees who had been discharged, suspended, fined or demoted and had appealed to the Civil Service Commission. Under the 1946 act an employee found by the Commission to have been illegally discharged was entitled by virtue of *R. S.* 11:15–6—and not *N. J. S. A.* 40:46–34— to an award of back pay for the period of his illegal dismissal, with or without mitigation in the Commission's discretion, reasonably exercised. As was said in *West New York v. Bock,* above, 38 *N. J.,* at *page* 525, there can be no question that the provisions of the second paragraph of *R. S.* 11:15–6 giving the Commission broad discretionary power, are incorporated in the municipal service procedure by *N. J. S. A.* 11:2A–1.

With the adoption of the 1946 act, the legislative purpose of creating a uniform system of Civil Service Commission treatment of appeals by disciplined classified civil service employees at all levels of government was complete. The Commission at last possessed the power to deal fully with any appeal, by virtue of *R. S.* 11:15–6.

Appellants and *amicus curiae* argue that *N. J. S. A.* 40:46–34 and *R. S.* 11:15–6 are coextensive, and that the former statute should prevail because of its specific reference to municipal employees—this by invoking the *in pari materia* rule of construction. But as we said in *Clifton v. Zweir,* 36 *N. J.* 309, 322 (1962), judicial resolution of apparently conflicting statutes must be guided by a single principle— determination of the legislative intent. A problem of the kind here presented cannot be solved "merely by mechanically selecting and applying a canon or maxim of statutory

construction and mouthing it as the reason for the result reached." *Ibid.*, and see *Llewellyn, The Common Law Tradition: Deciding Appeals, pp.* 374–375, 521 and 529 (1960).

■ The legislative purpose is made entirely clear by the statutory history recited above. Any doubts that the Legislature was working toward a totally uniform system of treatment of disciplined employees in the classified service at all levels of government were completely dispelled by *L.* 1938, *c.* 76 and *L.* 1946, *c.* 184, which fully incorporated the review and modification provisions of *R. S.* 11:15–6 into the municipal civil service procedure. From 1946 forward, any legislation directed toward employees in the classified service, with regard to the disposition on appeal of disciplinary action taken by the appointing authority, could not in any way relate to employees in non-Civil Service municipalities, absent specific language to that effect.

■ In light of the plain meaning of *R. S.* 11:15–6 (read in conjunction with *N. J. S. A.* 11:2A–1), the legislative history recited above and our decisions in *West New York v. Bock* and *Mastrobattista v. Essex County Park Comm'n,* we hold that the Civil Service Commission has the discretionary power to award back pay, with mitigation, to illegally removed civil service employees who appeal under *N. J. S. A.* 11:22–38 and 39.

*Amicus curiae* contends that if the Commission order here in question is sustained, the result will be that municipal employees under Civil Service will be denied equal protection of the laws because on appeal to the Commission from local disciplinary action they may be subject to having back pay mitigated upon restoration to their positions, while municipal employees not under Civil Service would be entitled to full back pay by virtue of *N. J. S. A.* 40:46–34. Passing any inquiry as to the right of *amicus curiae* to project an issue not raised by appellants, see *Board of Education, East Brunswick Tp. v. Township Council of East Brunswick,* 48 *N. J.* 96, 107 (1966), we find the equal protection argument entirely without merit.

■■ The constitutional requirement of equal protection is met by legislation which treats in a like or similar manner all persons within a class reasonably selected. *Robson v. Rodriquez*, 26 *N. J.* 517, 523 (1958). But as we have already pointed out, employees covered by Civil Service constitute a separate class from those not so covered, and thus may be treated differently. The latter simply do not have the many and varied protections which the Civil Service Act affords the former. For example, employees covered by Civil Service are appointed from certified lists after examination, *N. J. S. A.* 11:22–16; receive special protection during the probationary period, *R. S.* 11:22–6; are given specific duties in line with job specifications on file in the Department of Civil Service, *R. S.* 11:6–3; enjoy basic minimum sick leave and vacation benefits, *N. J. S. A.* 11:24A–3 and 11:24A–1; are accorded reemployment rights if laid off or if their jobs are abolished, *N. J. S. A.* 11:22–10.1; have the right to appeal demotions or fines and enjoy tenure protection, *N. J. S. A.* 11:22–38 and 39, and may appeal suspensions in excess of 15 days, *N. J. S. A.* 11:2A–1.

Classified civil service personnel are employed for the purpose of providing an efficent system of government based on merit and fitness, and to that end receive the special benefits just mentioned, among others. With those benefits goes the possibility that such an employee, whose dismissal from service has been set aside by the Civil Service Commission, may be subject to mitigation of back pay upon restoration to his job. Since non-civil service employees lack the protection of the Civil Service Act, it has been suggested that the Legislature undertook to approve the award of back pay upon restoration of such an employee judicially found to have been illegally dismissed.[1]

---

[1] In light of the specific issue projected on this appeal, we are not called upon to decide whether a court may not in its discretion award back pay with mitigation in the case of an employee of a non-Civil Service municipality whose dismissal or suspension has judicially

■ There remains the question whether, as appellants contend, the Commission's award to each of a $200 counsel fee and $50 miscellaneous costs was inadequate. In allowing this credit the Commission hearer consulted the minimum fee schedule of the local county bar association which sets the fee at $100 for every appearance before the Commission. Counsel having twice appeared, each appellant was "allowed" an attorney's fee of $200. The hearer, resorting to language found in *Mastrobattista,* 46 *N. J.,* at *page* 150, stated that the guiding principle he had employed in doing so was "to insure that, while the appellants do not profit * * * they do not suffer any loss in earnings." What we went on to say in that case, immediately following the language quoted by the hearer, was that in this latter connection "it would be equitable that consideration be given to the fees and expenses necessarily incurred by the appellants in obtaining vindication."

It appears that the parties were not on notice that the matter of expenses would be considered, so that no evidence or argument was addressed to the matter at the Commission rehearing. No affidavit of services was filed.

The power possessed by the Commission under the second paragraph of *R. S.* 11:15-6 to award back pay less what was earned in outside employment during the period of illegal dismissal also serves as authority for increasing the net salary award by any sum that will reasonably compensate the vindicated employee for expenses necessarily related to and incurred in the advancement of his cause. Mere reference by the Commission hearer to a minimum counsel fee schedule, without any evidence aduced as to expenses neces-

been declared illegal. Compare *Ross v. Freeholders of Hudson,* 90 *N. J. L.* 522, 528 (*E. & A.* 1917) ; *Miele v. McGuire,* 31 *N. J.* 339, 350–352 (1960) ; *Lowenstein v. Newark Board of Education,* 35 *N. J.* 94, 123–124 (1961) ; *Mastrobattista v. Essex County Park Comm'n,* above, 46 *N. J.,* at *page* 147 *et seq.,* and *Mullen v. Jefferson Tp. Board of Education,* 81 *N. J. Super.* 151 (*App. Div.* 1963), dealing in other settings with the question of back pay subject to mitigation.

sarily incurred, was certainly inadequate for an equitable disposition of just what allowances should be granted. While this court has the power to take evidence as to these matters, *R. R.* 1:5–4, we think that the determination of the actual amount earned by appellants in outside employment during the period of their dismissal, and also what they should be allowed for expenses necessarilly incurred, should be determined by the Commission.

Accordingly, the decision of the Civil Service Commission is affirmed as to mitigation of back pay and reversed as to the award of expenses. The matter is remanded for a new determination as to the net back pay due appellants. In determining the amount of credit to be allowed the municipality against each appellant by reason of his outside earnings, there may be deducted from such earnings the expenses he reasonably incurred in recovering his job and back pay. By such net credit the employee is not unjustly deprived of anything nor, on the other hand, unjustly enriched.

*For modification*—Justices JACOBS, FRANCIS, PROCTOR, GOLDMANN and HANEMAN—5.

*Opposed*—None.