KAHN, J.T.C.
This matter is before the court on a notice of motion by the defendant municipality, Township of Bloomfield, to dismiss plaintiffs direct appeal as being untimely filed.
The facts involved are undisputed. The plaintiff, Bllum Ltd. Partnership, is the owner of record of property designated as Block 1231, Lot 52 on the tax map of the Township of Bloomfield. The property was assessed in excess of $750,000 for the 1996 tax year. As provided for in the New Jersey Statutes and Court Rules governing the Tax Court of New Jersey, plaintiff filed an appeal from the municipal assessment directly to the Tax Court on July 31,1996.
The municipality contends the plaintiff filed its direct appeal after the statutory deadline of April 1, prescribed in N.J.S.A. 54:3-21 and as such, the appeal should be dismissed by this court. N.J.S.A. 54:3-21 was amended in 1991 (effective January 1, 1992) changing the filing deadline for direct appeals from August 15 of the tax year in question to April 1 of that same year. L.1991, c. 75, § 28. The statute, as amended, states:
A taxpayer feeling aggrieved by the assessed valuation of his property, or feeling that he is discriminated against by the assessed valuation of other property in the county, or a taxing district which may feel discriminated against by the assessed valuation of property in the taxing district, or by the assessed valuation of property in another taxing district in the county, may on or before August-15 April 1 appeal to the county board of taxation by filing with it a petition of appeal; provided, however, that any such taxpayer or taxing district may on or before August 15 April 1 file a complaint directly with the tax court, if the assessed valuation of the property subject to the appeal exceeds $750,000.00.
If a petition of appeal or a complaint is filed during the 19 days next preceding August 15 April 1. a taxpayer or a taxing district shall have 20 days from the date of service of the petition or complaint to file a cross-petition of appeal with a couniy board of taxation or a counterclaim with the clerk of the tax court as appropriate.
[N.J.S.A. 54:3-21, L.1987, c. 185 § 1, eff. July 14, 1987; L.1991, c. 75, § 28.]
Therefore, it is the municipality’s position that the plaintiffs appeal, which was filed on July 31, 1996, should be barred as untimely.
*289 Plaintiff argues that although its July 81, 1996 filing is beyond the statutory deadline of April 1 under N.J.S.A. 54:3-21, it is still timely under N.J.S.A. 54:51A-9b. which states, in part, “[d]irect appeals to the tax court of assessed valuation of property in excess of $750,000.00 as provided in R.S. 54:3-21 shall be filed on or before August 15 of the tax year” (emphasis added). Since N.J.S.A. 54:3-21 and N.J.S.A. 54:51A-9 seem to be inconsistent, this court must examine the legislative intent behind the change in the statutory filing deadline. See Mason v. Civil Service Comm’n, 51 N.J. 115, 126, 238 A.2d 161 (1968) (stating that “judicial resolution of apparently conflicting statutes must be guided by a single principle — determination of the legislative intent”). When the court clarifies an unclear statute, reconciles conflicting statutes, or construes a statute, it must “effectuate the intent of the Legislature.” Lesniak v. Budzash, 133 N.J. 1, 8, 626 A.2d 1073 (1993) (citation omitted).
Plaintiffs attorney, in his answering papers, suggests that “[r]e-peals by implication are not favored in the law.” It is the plaintiffs contention that acceptance of N.J.S.A. 54:3-21 would implicitly repeal N.J.S.A. 54:51A-9b. Plaintiff cites Swede v. City of Clifton, 22 N.J. 303, 125 A.2d 865 (1956), which holds, “where the statutory provisions may reasonably stand together, each in its own particular sphere of action, there is not the repugnancy importing the design to repeal the earlier provision.” Id. at 317, 125 A.2d 865 (citation omitted). Plaintiff misses the mark here. The 1991 amendment to N.J.S.A. 54:3-21 does not implicitly repeal N.J.S.A. 54:51A-9b. In fact, N.J.S.A. 54:51A-9b. specifically states “[djirect appeals to the tax court of assessed valuation of property in excess of $750,000.00 as provided in R.S. 54:3-21 shall be filed on or before August 15 of the tax year” (emphasis added). The two statutes, if they were to be read on their face, cannot “reasonably stand together.” There must be a reconciliation of the conflicting dates.
To read the two statutes in pari materia, as the plaintiff suggests to the court, would result in a necessary reconciliation of the differing filing deadlines by the court. When N.J.S.A. 54:3-21 *290 was amended in 1991, it is presumed that the New Jersey Legislature was aware of existing legislation (N.J.S.A. 54:51A-9b.) concerning the filing deadline. See Mahwah Tp. v. Bergen County Bd. of Taxation, 98 N.J. 268, 279, 486 A.2d 818 (1985). It has always been the responsibility of the judiciary to interpret statutory language in a manner consistent with the legislative intent and to avoid untenable results. Morris-Sussex Area Co., Boy Scouts v. Hopatcong Bor., 15 N.J.Tax 438, 443 (Tax 1996) (citing State v. Gill, 47 N.J. 441, 444, 221 A.2d 521 (1966)). Judge Kuskin held that the court, when interpreting statutory language should apply the following principles:
a) the court should attempt to determine the legislative intent in enacting particular legislation;
b) legislation should be interpreted in the context of related statutes;
c) the “plain meaning” of a statute does not foreclose further analysis in light of the legislative purpose, the context of the statute, and the history of the statute.
[Id. at 443 (citations omitted).]
A careful examination of the legislative history of N.J.S.A. 54:3-21 indicates that the New Jersey Legislature specifically intended to move the deadline for filing of direct appeals to the Tax Court from August 15 to April 1. Relevant legislative history of the 1991 amendment also suggests that the Legislature’s failure to amend N.J.S.A. 54:51A-9b. was a mere oversight and not the specific intention of the legislature.
In City of Newark v. Department of Civil Service, 68 N.J.Super. 416, 427, 172 A.2d 681 (App.Div.1961), the Appellate Division held that where there are conflicting statutes relating to the same subject matter, the statute which has been amended most recently shall control, “as it is the later expression of the legislature.” In the case at bar, N.J.S.A. 54:3-21 was amended in 1991, changing the appeals deadline for filing to April 1, effective January 1992. The statute, N.J.S.A. 54:51A-9b., upon which the plaintiff relies, was enacted in 1983 and has not been subsequently amended.
Plaintiffs final argument that N.J.S.A. 51:3-21, as amended, only applies to appeals to the county board of taxation and not direct appeals to the Tax Court is baseless since both the legislative history of the 1991 amendment and the plain language of the *291 statute itself state that “[a] taxpayer feeling aggrieved by the assessed valuation of his property, ... may on or before April 1 file a complaint directly with the tax court, if the assessed valuation of the property subject to the appeal exceeds $750,-000.00.” N.J.S.A. 51:3-21.
Although this issue has not been directly addressed by the Tax Court, Rule 8:4-l(a)(4) states, in pertinent part, that “[cjomplaints pursuant to the direct review provisions of N.J.S. 54:3-21 shall be filed on or before April 1 of the tax year.” The annotations following this rule point out that “[p'jaragraph (a)(4) was amended to reflect the statutory change from August 15 to April 1 . . . . ” Pressler, Current N.J. Court Rules, comment 1 on R. 8:4-1 (1996). This Rule supports the clear intent of both the Legislature and the court in the recognition of April 1 as the only deadline for filing direct appeals.
The municipality’s motion papers correctly recognize that the counterclaim provisions of N.J.S.A. 54:3-21 specifically allow for a twenty-day period in which a municipality can “file a cross-petition of appeal with a county board of taxation or a counterclaim with the clerk of the tax court, as appropriate.” N.J.S.A. 54:3-21 (emphasis added). Judge Axelrad, considering whether a counterclaim was timely filed, recently addressed this issue in Majestic Constr. Co. v. Deptford Tp., 14 N.J.Tax 332 (Tax 1994). The focal point of Judge Axelrad’s conclusion in that matter was the fact that the municipality had received a copy of the taxpayer’s complaint on March 29 and filed a counterclaim on April 12. The issue was whether or not the counterclaim was timely filed. Obviously, had the Legislature not changed the filing deadline to April 1, the issue in Majestic would have been moot. Judge Axelrad’s consideration of this issue, although not controlling in this matter, further demonstrates to this court that the filing deadline is to be April 1, not August 15.
The court disagrees with the plaintiffs interpretation that N.J.S.A. 54:51A-9b. and N.J.S.A. 54:3-21 can coexist without further interpretation. To adopt this theory would perpetuate unnecessary confusion regarding the filing deadline mandated by *292 statute. Review of relevant facts, as well as interpretation of the legislative intent regarding the 1991 amendment of N.J.S.A. 54:3— 21, establishes to this court, that April 1, 1996 was the applicable deadline for filing the plaintiffs appeal. As such, the plaintiff, in not filing the direct appeal with the Tax Court on or before April 1, has committed a fatal jurisdictional error. The defendant’s motion is hereby granted and the plaintiff’s complaint is dismissed with prejudice.