176 N.J. Super. 207 (1980)
422 A.2d 786
MANFORD JAMES, APPELLANT-CROSS-RESPONDENT,
v.
NEW JERSEY STATE PRISON, STATE DEPARTMENT OF CORRECTIONS, RESPONDENT-CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 14, 1980.
Decided November 5, 1980.
*208 Before Judges ALLCORN, KOLE and PRESSLER.
Brotman & Obler, for appellant-cross-respondent.
John J. Degnan, Attorney General, for respondent-cross-appellant (Erminie L. Conley, Assistant Attorney General, of counsel; David W. Reger, Deputy Attorney General, on the brief).
The opinion of the court was delivered by ALLCORN, P.J.A.D.
A review of the entire record of these proceedings satisfies us that the action of the Civil Service Commission was proper and justified in all respects, with the exception of certain of the items for which back pay was awarded.
We have no question but that appellant was entitled to an award of back pay for the period between his removal in 1975 and his reinstatement in 1977. The award, however, should have been limited to appellant's loss of regular wages, and should not have included additional allowances for vacation time, holiday time, administrative leave time and overtime.
*209 Whatever else may appear, during the entire period between his removal and his reinstatement, appellant performed no services for the State in connection with his employment or otherwise. Thus, though he may be rightfully entitled to recoup his regular salary or straight-time wages for this period by virtue of his wrongful discharge, he is not entitled to be paid, in addition, for the normal time he legitimately would have been on leave from work, with pay, represented by vacation leave, administrative leave, and holiday leave. In essence, appellant was on leave for the entire period of his absence from his employment.
Vacation or other leave of absence with pay, "is not a gratuity, but is compensation for services rendered," 15A Am.Jur.2d, Civil Service, ¶ 50 at 66. To make an award to him for the period equal to the aggregate of these leave periods, is to compensate him doubly-for, he was in fact on leave and performed no services during the whole of his period of absence. Vacation leave and all other regular and holiday leave being predicated upon service in employment, see, e.g., N.J.S.A. 11:14-1, 6, absent the performance of services there can be no entitlement to leave with pay. Otherwise, the employee is receiving a completely unearned and unauthorized windfall-and one that, perforce, is paid out of public monies.
As so aptly stated in White v. North Bergen, 77 N.J. 538, 560 (1978):
There is an important rule of statutory construction adverted to by Judge Goldmann in Mullen [v. Bd. of Ed., 81 N.J. Super. 151 (App.Div. 1963)] ..., to the effect that "the Legislature must always be presumed to favor the public interest as against any private one." 81 N.J. Super. at 160. If this be so in fact, can there be assumed a legislative intent to award a gift or "windfall" to the employee, or impose a gratuitous penalty against the employer, i.e., the public? We answer these questions in the negative with a certain degree of confidence....
Similarly, with regard to the allowance made in lieu of the overtime he might have worked in excess of the established work week during his absence from employment. He did not, in fact, perform any service during his absence, let alone perform *210 overtime service, N.J.S.A. 52:14-17.13. Moreover, the time that was estimated that he would have been employed in overtime work had he not been illegally dismissed of necessity was completely speculative, depending as it did on availability of overtime work for appellant, his availability for such work, his willingness to engage in overtime work on the occasions offered, and the quantum which he would have worked.
We have reviewed all other issues raised and find them to be without merit.
Accordingly, the determination of the Civil Service Commission is modified by disallowing from the back pay awarded to appellant the amounts awarded for pay for vacations, holidays, administrative leave and overtime and, as so modified, is affirmed.