**Christopher MAGGARD, Appellant,**

v.

**COMMONWEALTH of Kentucky, CABINET FOR FAMILIES AND CHILDREN and Kentucky Personnel Board, Appellees.**

No. 1997–CA–002341–MR.

Court of Appeals of Kentucky.

Sept. 4, 1998.

Discretionary Review
Denied by Supreme Court June 9, 1999.

Whitney Dunlap, III, Richmond, for Appellant.

Cynthia Banks, Frankfort, for Appellee.

Before BUCKINGHAM, KNOX, and SCHRODER, JJ.

*OPINION*

SCHRODER, Judge.

Christopher Maggard (Maggard) appeals from the August 13, 1997 Order and Judgment of the Franklin Circuit Court, rejecting his claim for payment of overtime he would have worked had he not been improperly suspended without pay. We agree with the circuit court's finding and, therefore, affirm.

Maggard worked third shift in Frankfort as a Juvenile Treatment Assistant at a group home for juvenile delinquents. On August 9, 1994, two residents escaped while Maggard allegedly slept on the job. He was cited for violating several Department of Social Services policies, and a hearing officer recommended his dismissal. The Personnel Board altered the hearing officer's conclusion and set the penalty at a 30–day suspension without pay, reinstatement to his former position, and that he be restored to the position he would have been in if he had only suffered a 30–work-day suspension beginning September 19, 1994.

Maggard eventually moved for an order in aid of judgment, specifying the sums he was to be paid. He argued, inter alia, that he was entitled to overtime pay for the overtime he would have worked had he not

been dismissed. The circuit court rejected this claim, finding:

> We do not agree that the law requires an employer to pay overtime to a reinstated employee. First, overtime pay is given for working above and beyond the normal 37.5 hours per week. There are no guidelines within the KRS Chapter 18A, nor any internal guidelines cited by either party, which mandate that certain amounts of overtime be worked.... Overtime hours are not definite in nature; they arise randomly on a need basis by the employer or want basis by the employee.... Therefore, as the Petitioner argues, there cannot be any claim to "entitlement" under the regulations to any given number of overtime hours.

Maggard now appeals only that portion of the judgment denying him overtime pay.

Appellant believes the applicable statutes and regulations point toward including overtime as part of his wages. He asserts that overtime was an expected part of his job. KRS 18A.105, governing compensation of employees ordered reinstated without loss of pay, states in relevant part:

> (1)(a) When a classified or unclassified employee has been finally ordered reinstated by the board without loss of pay, pursuant to the provisions of KRS 18A.095, the executive director of the board shall forward a certified copy of said order to the Department of Personnel and the Finance and Administration Cabinet, which shall process proper payment to the employee for the period of suspension, said payment to be made out of the agency's appropriations.

Section 1(3) of 200 KAR 12:030, which governs the computation of compensation due a state employee after an adjudicated penalization, defines gross pay as "the gross amount of pay which an employee would have earned during the corrective period." Section 3(2) provides the basis for determining a fulltime employee's gross pay. It includes, "(d) Any other changes which would affect the amount of compensation which the employee would otherwise have received if the adjudicated penalization had not occurred." According to appellant, these regulations and the statute support his view that he is entitled to all wages he could reasonably expect to have received during his suspension.

This issue is one of first impression in Kentucky. We have found two opposing approaches to the problem. On one hand is the Pennsylvania case cited by appellant, *Elias v. Com., Dept. of Public Welfare, Polk Center*, 98 Pa. Commw. 218, 511 A.2d 887 (1986), which held that a physician employed by the Department of Welfare, and wrongfully discharged, was entitled to overtime as part of his back pay as long as it could be proved with reasonable certainty, even if there is some degree of uncertainty as to the amount of damages. *Id.* 511 A.2d at 891. Analogizing the situation to contract law, the Court held that Elias need only establish overtime hours he would have worked with reasonable, not absolute, certainty. The Court also reasoned that an employee has the right to be considered for overtime when it is offered or demanded by the employer, and Elias had been denied that right during his improper dismissal. The Court stated, "[i]f he can demonstrate, based on past statistics, that he had actually taken advantage of that right, then in our view there is a sufficient basis to allow the award of overtime pay as part of his 'salary or wages' under Section 951(a) of the Act." *Id.*

On the other side is the New Jersey case, *James v. New Jersey State Prison*, 176 N.J.Super. 207, 422 A.2d 786 (1980), which stressed that because the appellant had performed no services for the state during the time of his dismissal, the award of overtime pay would be a windfall to the appellant, paid out of public coffers. The New Jersey Court was bothered by the speculative nature of determining overtime pay:

> Moreover, the time that was estimated that he would have been employed in

overtime work had he not been illegally dismissed of necessity was completely speculative, depending as it did on availability of overtime work for appellant, his availability for such work, his willingness to engage in overtime work on the occasions offered, and the quantum which he would have worked.

*Id.* 422 A.2d at 787.

We find the latter case more persuasive. Because the common law rule recognizing the right of an illegally discharged employee to recover back pay has never been construed in Kentucky as encompassing more than the employee's base salary, because Maggard was not vested with any legally enforceable right to earn overtime pay during the period of his suspension, and because any award of overtime pay for that period would necessarily be based in part upon speculation and conjecture, we hold, as would at least one other appellate court, that there is no legal justification for an award to Maggard of lost overtime compensation. We find no authority for appellant's position that the cited statute and regulations support his contention.

Finally, appellant argues that 200 KAR 12:030 Section 3 improperly alters and enlarges the authority delegated by the Legislature in 18A.105(1)(b). However, appellant failed to preserve this issue for our review on appeal, and we decline to address it. It follows, therefore, that the court's order and judgment must be affirmed.

All concur.