728 A.2d 273

JOHN R. KELTY, PLAINTIFF–RESPONDENT, v. STATE OF NEW JERSEY, DEPARTMENT OF LAW AND PUBLIC SAFETY, DIVISION OF STATE POLICE AND COLONEL CARL A. WILLIAMS, SUPERINTENDENT, NEW JERSEY STATE POLICE OR SUCCESSOR IN OFFICE, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued March 30, 1999—Decided May 6, 1999.

86

Before Judges BROCHIN, KLEINER, and STEINBERG.

*Janine L. Long,* Deputy Attorney General, argued the cause for appellants (*Peter Verniero,* Attorney General, attorney; *Joseph L. Yannotti,* Assistant Attorney General, of counsel; *Ms. Long,* on the brief).

*Scott A. Krasny,* argued the cause for respondent (*Furlong and Krasny,* attorneys; *Mr. Krasny,* on the brief).

The opinion of the court was delivered by

KLEINER, J.A.D.

Pursuant to leave to appeal granted, defendants State of New Jersey, Department of Law and Public Safety, Division of State Police, and Colonel Carl A. Williams, Superintendent, New Jersey State Police [1] appeal from the denial of their cross-motion seeking summary judgment. We conclude that the motion judge incorrectly rejected the common law principle that public officers may be paid only for services rendered; thus defendants were entitled to partial summary judgment. We reverse and remand for further proceedings.

The exact nature of defendant's cross-motion is best explained by a review of the facts preceding the commencement on February 14, 1996, of this litigation by plaintiff John R. Kelty.

Until August 28, 1984, plaintiff was a member of the New Jersey State Police (State Police) and held the rank of sergeant. On that date, by a written personnel order, plaintiff was suspended "without pay and allowances pending investigation." *See In Re Toth,* 175 *N.J.Super.* 254, 260, 418 *A.*2d 272 (App.Div.1980). Plaintiff was never issued formal disciplinary charges or a statement of charges other than the personnel order of suspension.

Plaintiff's suspension was a result of an investigation of his involvement together with some other State Police officers with

---

[1] Plaintiff's complaint named as a defendant Williams or his successor. Williams resigned from the State Police in February 1999. As of the date of this opinion, Williams' successor has not be named.

Co–Op Investments, an intricate pyramid scheme organized by their co-defendants Lois and Donald Sanders.[2] The investigation resulted in Indictment Number SGJ 123–84–3, dated September 4, 1984, charging plaintiff with conspiracy, *N.J.S.A.* 2C:5–2 (count one); promoting gambling, *N.J.S.A.* 2C:37–2 and *N.J.S.A.* 2C:2–4 (count four); and official misconduct, *N.J.S.A.* 2C:30–2b and *N.J.S.A.* 2C:2–6c(1)(c) (count six). Ultimately, after a twenty-eight day jury trial ending June 10, 1988, plaintiff and other co-defendants were found guilty.[3] On January 13, 1989, plaintiff was sentenced to a term of probation of one year, and was fined $1,500 on count one and $3,500 on count six. Plaintiff was ordered to forfeit his office effective that date, *see N.J.S.A.* 2C:51–2, and was ordered to pay appropriate fines to the Violent Crimes Compensation Board. On June 8, 1993, we reversed plaintiff's conviction for promoting gambling and official misconduct due to error in the jury's instructions. *See State v. DeLuzio,* 274 *N.J.Super.* 101, 106, 643 *A.*2d 609 (App.Div.1993). On June 27, 1994, on the State's cross-petition for certification, the Supreme Court affirmed our decision reversing plaintiff's conviction. *State v. DeLuzio,* 136 *N.J.* 363, 643 *A.*2d 535 (1994).

Before plaintiff was sentenced, but after the jury verdict, he submitted an application for ordinary retirement allowance from the State Police which they deemed to be effective March 1, 1989.

After the Supreme Court affirmed our decision to reverse plaintiff's conviction, plaintiff filed a complaint in the Law Division on February 14, 1996, seeking: (a) reinstatement as a member of the State Police from August 28, 1984, the date of plaintiff's suspension, to December 1, 1990, the date plaintiff would have been required to retire upon reaching age fifty-five; (b) back pay, pension, health and other benefits including seniority benefits; (c) damages, interest, costs of suit and attorney's fees; and (d)

---

[2] *See State v. Sanders,* 212 *N.J.Super.* 599, 515 *A.*2d 1256 (App.Div.1986).

[3] There were fifteen co-defendants named in the indictment. *State v. DeLuzio,* 274 *N.J.Super.* 101, 105 n. 3, 643 *A.*2d 609 (App.Div.1993).

reimbursement of legal fees incurred in the defense of Indictment Number SGJ 123–84–3.

Defendants moved for summary judgment on December 19, 1998. The motion judge denied defendants' motion to summarily dismiss plaintiff's complaint, but did grant defendants partial summary judgment on plaintiff's claim seeking reinstatement and promotion, and limited plaintiff's wage claim to the period of August 28, 1984, the date of suspension, through March 1, 1989, the date of plaintiff's actual retirement. Plaintiff did not seek leave to appeal from the order granting partial summary judgment on these issues.

Following additional discovery, plaintiff moved for summary judgment and defendants opposed the motion and cross-moved for summary judgment contending: (1) when a conviction with forfeiture of office is reversed, *N.J.S.A.* 2C:51–2 only provides for back pay from the date of forfeiture forward; (2) there is no statutory authority for an award of back pay from the date of suspension to the date of sentencing; [4] and (3) plaintiff's complaint was barred by the statute of limitations.

The motion judge concluded that Williams had authority to grant back pay and employment emoluments to plaintiff from the date of plaintiff's suspension, August 28, 1984, until the date of

---

[4] Defendant Williams also argued that he was entitled to immunity pursuant to *N.J.S.A.* 59:3–3 for acts taken in good faith in the execution and enforcement of the common law doctrine of "no work, no pay," which precludes back pay when plaintiff performed no services because of his suspension.

The State also sought summary judgment on plaintiff's claim for reimbursement of counsel fees, *N.J.S.A.* 59:10–1 *et seq.*, for plaintiff's defense of the indictment on its contention that plaintiff's conduct did not arise out of nor was his conduct directly related to the lawful exercise of his duties or under color of his authority. Although this issue was fully briefed by both parties, the issue was not orally argued before the motion judge. The order which memorialized the judge's decision did not encompass that claim. Because plaintiff's counsel fees reimbursement claim has not been addressed by the Law Division, despite our decision within this opinion, the matter must be remanded to the Law Division for further proceedings.

plaintiff's retirement, March 1, 1989, and that plaintiff's complaint was not barred by the statute of limitations.[5]

## I

The general common law principle in New Jersey is that a "public officer who renders no service is not entitled to prevail in an action seeking compensation." *DeMarco v. Board of Chosen Freeholders of Bergen County,* 21 *N.J.* 136, 143, 121 *A.*2d 396 (1956). Statutes which seek to alter that principle are strictly construed. *Ibid.*

Forfeiture of Public Office is addressed by *N.J.S.A.* 2C:51–2. In pertinent part, this statute provides:

a. A person holding any public office, position, or employment, elective or appointive, under the government of this State or any agency or political subdivision thereof, who is convicted of an offense shall forfeit such office or position if:

(1) He is convicted ... of an offense involving dishonesty or of a crime of the third degree or above ...;

(2) He is convicted of an offense involving or touching such office, position or employment;

. . . .

b. A court of this State shall enter an order of forfeiture pursuant to subsection a.:

(1) Immediately upon a finding of guilt by the trier of fact or a plea of guilty entered in any court of this State unless the court, for good cause shown, orders a stay of such forfeiture pending a hearing on the merits at the time of sentencing;

. . . .

c. No court shall grant a stay of an order of forfeiture pending appeal of a conviction or forfeiture order unless the court is clearly convinced that there is a

---

[5] Defendants' appeal does not contend that the motion judge erred in concluding that the statute of limitations was not applicable to plaintiff's complaint. Because that issue has not been presented on appeal nor was that issue presented within defendants' motion seeking leave to appeal, we do not address that issue.

substantial likelihood of success on the merits. *If the conviction be reversed or the order of forfeiture be overturned, he shall be restored, if feasible, to his office, position or employment with all the rights, emoluments and salary thereof from the date of forfeiture.*

. . . .

[*N.J.S.A.* 2C:51–2 (emphasis added).]

Although the New Jersey Legislature has enacted statutes which allow various public officials to receive compensation or emoluments of office even when those officials have provided no service, it has not so provided for members of the New Jersey State Police. For example, *N.J.S.A.* 40A:9–172 allows recovery of salary for any municipal officer or employee suspended or dismissed when the suspension or dismissal is judicially determined to be illegal; *N.J.S.A.* 40A:14–23 allows recovery of salary for any member or officer of a paid or part-paid fire department or force suspended or dismissed from his position if the suspension or dismissal is judicially determined to be illegal; *N.J.S.A.* 40A:14–151 allows recovery of salary to any member or officer of a municipal police department or force suspended or dismissed from office where the suspension or dismissal is judicially determined to be illegal; and *N.J.S.A.* 40A:14–149.2 allows reinstatement and recovery of all pay withheld during the period of suspension when the municipal police officer is found not guilty, the charges are dismissed, or the prosecution is terminated.

As noted in *DeMarco*, "[a]lthough it has not yet done so, we readily assume that the Legislature could in clear and direct terms constitutionally allow compensation to all law enforcement officers (state, county and municipal) who are suspended pending trial on an indictment for misconduct in office and are later acquitted or otherwise vindicated." *DeMarco, supra,* 21 *N.J.* at 143, 121 *A.*2d 396.[6] Until such time as the Legislature provides

---

[6] On June 26, 1998, Assembly Bill, Number 829 was pre-filed for introduction in the 1998 legislative session and "[p]rovides for the legal defense of State troopers;" [and] "authorizes the reinstatement and recovery of wages in certain

such compensation, the judicial task is to determine whether the statutes which have been enacted have changed the common law principle in its applicability to the particular facts presented. *Id.* at 144, 121 *A.*2d 396. If they have not, then it is clear that any recovery of salary for the period of suspension during which the public servant rendered no public service is precluded. *Ibid.*

Since the Legislature has not acted to modify common law principles for New Jersey State Police officers, and since *N.J.S.A.* 2C:51–2 only pertains to a claim for reimbursement and restoration of office subsequent to the date of forfeiture, plaintiff's complaint must be construed following common law principles. *DeMarco, supra,* 21 *N.J.* at 144, 121 *A.*2d 396.

In reaching this conclusion we have also considered the Rules and Regulations of the State Police promulgated pursuant to *N.J.S.A.* 53:1–10, regarding its internal disciplinary actions.[7] Pursuant to Article II of the State Police Rules and Regulations, if a State trooper is alleged to have violated the rules and regulations, the superintendent shall order a complete investigation and may order the trooper's suspension with or without forfeiture of all pay and allowances pending the results of the investigation. Upon review of the investigation, the superintendent may order further investigation, determine that discipline is not warranted and order the matter closed, issue a written reprimand, or order that charges be prepared against the trooper and that a disciplinary hearing be held. If the superintendent determines that discipline is not warranted, but the trooper has been previously suspended, the trooper shall be returned to full duty with all back pay and allowances. If the superintendent orders that charges be prepared, the superintendent shall order either a "General or Summary Disciplinary Hearing" and may continue or modify any

---

cases." The record on appeal does not reflect that any further action was taken by the State Assembly subsequent to the pre-filing of this bill.

[7] Plaintiff provided, as an exhibit to plaintiff's appendix on appeal, a copy of a portion of the Rules and Regulations promulgated by the State Police.

period or term of suspension from duty previously imposed or may order suspension from duty pending the final disposition of the charges.

Here, plaintiff, although suspended pending investigation, was not afforded either a "General or Summary Disciplinary Hearing." Undoubtedly, plaintiff's indictment returned by the State Grand Jury eight days following plaintiff's suspension may have, in the opinion of the State Police, obviated the necessity of affording plaintiff either a "General or Summary Disciplinary Hearing," yet the record on appeal does not contain clear evidence on this point. We need not determine whether plaintiff would have had the right to compel a "General or Summary Disciplinary Hearing" as plaintiff elected to retire from his position with the State Police effective March 1, 1989.

At oral argument, we requested counsel to assess whether any collective bargaining agreement between the State and the State Troopers NCO Association of New Jersey, Inc. would assist in our analysis. Counsel provided five collective bargaining agreements for the period of July 1, 1982 to June 30, 1996. Although each collective bargaining agreement delineates "grievance procedures," none of the delineated "grievance procedures" have bearing upon the issue posed in this appeal.

It is abundantly clear that the common law rule holds that where no public service is rendered, no salary may be paid, unless the Legislature has specifically provided otherwise. *See DeMarco, supra,* 21 *N.J.* at 143–44, 121 *A.*2d 396. *See also, DelRossi v. Department of Human Servs.,* 256 *N.J.Super.* 286, 292, 606 *A.*2d 1128 (App.Div.1992) (recognizing that the common law rule of "no work, no pay" was applicable in proceedings involving claims against the Merit System Board). The motion judge erred by declaring that Williams had the authority to award plaintiff full back pay and all emoluments of office from the date of his suspension to the date of his retirement. As we construe *N.J.S.A.* 2C:51–2, plaintiff may be entitled to back pay and other employment emoluments only from the date of his court-ordered

forfeiture on January 13, 1989, to the date of his retirement on March 1, 1989. The precise sum owed shall be determined on remand.

## II

Just as the State Police were entitled to partial summary judgment, we conceive that defendant Williams was also entitled to partial summary judgment.

The Legislature has provided that the superintendent shall "make all rules and regulations for the discipline and control of the state police, and provide the necessary preliminary and subsequent instruction to the troopers in their duties as police officers." *N.J.S.A.* 53:1–10. Implicit in the powers of the superintendent is the long recognized power to suspend a subordinate pending investigation of possible charges against him. *See In re Toth, supra,* 175 *N.J.Super.*, at 261, 418 *A.2d* 272. As with any other public official, the Superintendent of the State Police is not liable if he acts in good faith in the execution or enforcement of any law, which would include *N.J.S.A.* 2C:51–2 and *N.J.S.A.* 53:1–10, and is not liable for injury caused by his failure to enforce any law. *N.J.S.A.* 59:3–3 and –5. "A public employee who is enforcing a law (act of commission) must prove good faith in order to enjoy immunity, while one who fails to enforce a law (an omission) need not." *Marley v. Borough of Palmyra,* 193 *N.J.Super.* 271, 283, 473 *A.2d* 554 (Law Div.1983). *Cf. Bombace v. Newark,* 241 *N.J.Super.* 1, 574 *A.2d* 49 (App.Div.1990). To pierce the qualified immunity of *N.J.S.A.* 59:3–3, a claimant must prove more than ordinary negligence and, generally, the question of good faith will present a question of fact; however, summary judgment is appropriate if the officer establishes that his or her acts were objectively reasonable or were performed with subjective good faith. *Canico v. Hurtado,* 144 *N.J.* 361, 364–65, 676 *A.2d* 1083 (1996).

The motion judge failed to fully address the implications of *N.J.S.A.* 59:3–1 to –14. Williams' exposure to liability under any theory may not extend beyond any liability imposed upon the

State Police. We have fully discussed the State Police's potential liability in Part I of this opinion and have no further need to address Williams' potential liability. On remand, Williams' potential liability must be revisited with specific emphasis on the implications of *N.J.S.A.* 59:3–3 and –5.

Additionally, we conclude that the motion judge erred when she concluded that the New Jersey Tort Claims Act, *N.J.S.A.* 59:1–1 to –7 (the Act), and particularly the notice provisions in *N.J.S.A.* 59:8–8 and –9, were inapplicable to plaintiff's claim. Although plaintiff's right to recover, if at all, against the State Police are governed by the forfeiture statute, *N.J.S.A.* 2C:51–2, his right to impose personal liability upon Williams must be determined by the Act. The record on appeal reflects that following the reversal of his conviction plaintiff asserted in letters from his counsel a claim for back pay and emoluments from office; however, the appendices do not include copies of these letters and we are unable to determine whether any alleged letter set forth with particularity information sufficient to meet the notice requirements of *N.J.S.A.* 59:8–8.

### III

In Point II of defendant's appeal it asserts:

THE LOWER COURT ERRED IN NOT GRANTING SUMMARY JUDGMENT ON THE ISSUE OF REIMBURSEMENT OF COUNSEL FEES FOR PLAINTIFF'S CRIMINAL DEFENSE PURSUANT TO *N.J.S.A.* 59:10–1, *et seq.*, HIS CONDUCT DID NOT ARISE OUT OF NOR WAS HIS CONDUCT DIRECTLY RELATED TO THE LAWFUL EXERCISE OF HIS DUTIES OR UNDER COLOR OF HIS AUTHORITY.

We have already noted that the trial judge failed to address this issue at oral argument on the respective summary judgment motions. The order entered by the motion judge also omits any reference to a disposition of this issue. The judge, guided by *R.* 1:7–4(a), must fully address this issue on remand.

Reversed and remanded for further proceeding consistent with this opinion.